PER CURIAM:
Writ granted in part. While we presently express no opinion on whether the testimony of the screening prosecutor contained errors, we find that any such defects were not structural in nature and would instead constitute trial errors subject to a harmless error analysis. See Weaver v. Massachusetts , 582 U.S. ----, 137 S.Ct. 1899, 1907, 198 L.Ed.2d 420 (2017) ("[T]he defining feature of a structural error is that it 'affect[s] the framework within which the trial proceeds,' rather than being 'simply an error in the trial process itself.' "); see also State v. Langley , 06-1041, p. 11 (La. 5/22/07), 958 So.2d 1160, 1167, cert. denied , 552 U.S. 1007, 128 S.Ct. 493, 169 L.Ed.2d 368 (2007) (setting forth the limited classes of recognized structural errors). The ruling below is vacated and the matter remanded to the court of appeal for a determination of whether guilty verdicts actually rendered in this trial were surely unattributable to the alleged errors in Mr. Block's testimony. See Sullivan v. Louisiana , 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). If *870 necessary, the court of appeal also should address the pretermitted assignments of error. The application is otherwise denied.
VACATED AND REMANDED